```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  X
                                                            :
JAMES G. PAULSEN, Regional Director of                      :
Region 29 of the National Labor Relations                   :
Board, for and on behalf of the NATIONAL                    :   **MEMORANDUM**
LABOR RELATIONS BOARD,                                      :   **DECISION AND ORDER**
                                                            :
                            Petitioner,                     :   16 Civ. 5338 (BMC)
                                                            :
            -against-                                       :
                                                            :
PRIMEFLIGHT AVIATION SERVICES, INC.,                        :
                                                            :
                            Respondent.                     :
----------------------------------------------------------  X
```

**COGAN,** District Judge.

Before me is the motion of respondent PrimeFlight Aviation Services, Inc. ("PrimeFlight") for a stay of the Preliminary Injunction issued in this matter under § 10(j) of the National Labor Relations Act ("NLRA"), pending PrimeFlight's appeal to the Second Circuit. I assume the parties' familiarity with the facts of this case. For the following reasons, PrimeFlight's motion is denied.

In this Circuit, a court considers the following factors in determining whether to stay a judgment or order pending appeal: (1) that the movant is likely to succeed on the merits of its appeal, (2) that there will be irreparable injury in the absence of a stay, (3) that other interested parties will not be substantially harmed if the stay is granted, and (4) that the stay is in the public interest. In re World Trade Ctr. Disaster Site Litig., 503 F.3d 167, 170 (2d Cir. 2007). PrimeFlight has not demonstrated the presence of any of these factors.

First, PrimeFlight has not offered any new legal arguments to support a showing that it is likely to succeed on the merits of its appeals. Rather, it makes the same arguments related to the

Court's jurisdictional finding, discounting the shift in the National Mediation Board's position that contractors of the same type as PrimeFlight are not covered by the Railway Labor Act. While PrimeFlight points me in the direction of a D.C. Circuit appeal currently *sub judice* on the jurisdiction issue, it does not provide me any new precedents or analyses that merit undertaking a reconsideration of my previous Order.

PrimeFlight similarly argues the same points it did regarding my finding on successorship under Fall River Dyeing & Finishing Corp. v. NLRB, 482 U.S. 27, 43, 107 S. Ct. 2225, 2236 (1987), specifically that there is reasonable cause to find that PrimeFlight was likely a successor to Air Serv. PrimeFlight's disagreements with my application of the facts to the legal test, without more, are not sufficient to merit reconsideration, as I have already considered respondent's arguments when it raised them the first time in opposing the preliminary injunction.

Second, PrimeFlight has not offered any concrete examples of irreparable harm if the stay is not granted. Instead, PrimeFlight abstractly argues that its right to choose not "to recognize and bargain" is under attack, as are the rights of the employees who did not elect to have the union represent them. Neither argument is persuasive when balanced against the harm expressly prohibited in the NLRA. Here, I found that there was reasonable cause to believe that unfair labor practices had occurred, and I deemed a preliminary injunction to be a just and proper *and temporary* remedy given the pending hearing before the Administrative Law Judge.

Third and related to the previous point, PrimeFlight's argument that the union will not be harmed by the stay is unpersuasive and is undercut by the observations I made in granting the Preliminary Injunction, specifically that there was reasonable cause to believe that PrimeFlight engaged in anti-union practices that chilled union activity, as supported by affidavits testifying to employee fears of being seen speaking to union representatives, attending meetings, or voicing

support in any meaningful way.  PrimeFlight's motion does not acknowledge these aspects of third-party harm in its motion.

Fourth, PrimeFlight argues that the public interest favors a stay because the public is not served by a potential labor dispute.  This is not sufficient.  In passing the NLRA, Congress found that the public interest favors the protection of employee rights from unfair labor practices, and PrimeFlight has not shown how the risk of a potential labor dispute supersedes my observation that reasonable cause existed to believe that PrimeFlight had committed unfair labor practices.

When I balance the equities between PrimeFlight and the employees, giving due consideration to Congress's intent in passing the NLRA, the text of the Act, and the facts presented here, I find that the harm of the employees being unrepresented for a year or more is greater than having PrimeFlight engage in good-faith bargaining.  Moreover, the Preliminary Injunction itself balances the equities between PrimeFlight and the union by imposing a limitation on bargaining over staffing levels in an effort to avoid imposing unduly burdensome obligations and costs on PrimeFlight.  Therefore, there is no basis for a stay of the Preliminary Injunction, and PrimeFlight's motion is denied.

**SO ORDERED.**

                                                U.S.D.J.

Dated: Brooklyn, New York
      December 29, 2016